IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 25-_____ |
| v. | : | VIOLATION: |
| CHONTE VAUGHN | : | 18 U.S.C. § 641 (theft of government money – 1 count) Notice of forfeiture |

**INFORMATION**

**COUNT ONE**

**THE UNITED STATES ATTORNEY CHARGES THAT**:

At all times material to this information:

1. Defendant CHONTE VAUGHN was a United States citizen, with a last known address in Oreland, Pennsylvania.

**THE SMALL BUSINESS ADMINISTRATION**

2. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy in a variety of ways, including by fostering the establishment and viability of small businesses and aiding in their economic recovery after community disasters. As part of its efforts, the SBA provided for business loans through banks, credit unions, and other lenders. Those loans had government-backed guarantees.

**EIDL PROGRAM**

3. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") (Pub. L. 116-136) became law and provided emergency assistance for individuals, families, and businesses affected by the coronavirus pandemic. The CARES Act

provided multiple programs for businesses including the Economic Injury Disaster Loan ("EIDL") program. The EIDL program provided low-rate emergency loan options for struggling businesses for amounts up to $500,000. This program was administered by SBA. Applications for the EIDL program were made through an online SBA portal.

4.  As part of the EIDL application progress, an applicant was required to submit information about the applicant's business. This information included, among other categories, the organization type of the business, gross revenues for the twelve months preceding January 31, 2020, cost of goods sold for the twelve months preceding January 31, 2020, and the number of employees working at the business.

5.  As part of the application, an applicant could also request an emergency advance of $10,000. The SBA paid this emergency advance within three days of the applicant submitting the information. To receive this advance and/or the ultimate loan, the applicant was required to enter bank account information for the account into which the advance funds and/or loan would be deposited.

6.  Before an applicant could submit the application, the applicant was required to certify, under the penalty of perjury and laws of the United States, that the information on the application was true and correct.

7.  On or about March 30, 2021, defendant CHONTE VAUGHN caused a false and misleading EIDL loan application to be submitted to the SBA, seeking approximately $26,000 in EIDL funds. The EIDL application contained purported income data and documentation regarding defendant VAUGHN that, if true and accurate, would have supported a loan request of $26,000. Defendant VAUGHN signed the application and falsely certified that

both the application and the information provided in the supporting documents were true and accurate.

8. The information that defendant CHONTE VAUGHN submitted with the application falsely represented her income. To support this false income statement, defendant VAUGHN submitted a fraudulent IRS Form 1040, Schedule C for the year 2019, which stated that she received income that would entitle her to an EIDL in the amount of $26,000, when in fact defendant VAUGHN did not file a Form 1040, Schedule C in 2019 and had not earned such income for this business in 2019.

9. After the SBA approved the application, on or about April 6, 2021, defendant CHONTE VAUGHN received approximately $26,000 through a wire transfer sent to an account at Republic Bank registered to defendant VAUGHN. Thereafter, defendant VAUGHN used the funds for personal and unauthorized expenses.

10. From on or about March 30, 2021, through on or about September 1, 2021, in the Eastern District of Pennsylvania, and elsewhere, defendant

**CHONTE VAUGHN**

willfully and knowingly stole and converted to her use and the use of another money and a thing of value of the United States, specifically, EIDL funds, of a value exceeding $1000, under the care of the SBA.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 641 set forth in this information, defendant

**CHONTE VAUGHN**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly as a result of the commission of such offense, including but not limited to $26,000 in United States currency.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

_____
**DAVID METCALF**
**UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

Chonte Vaughn

INFORMATION

Counts

18 U.S.C. § 641 (theft of government money – 1 count)
Notice of forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Foreperson

Bail, $ _____